## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY HEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-0925 |
| | ) | |
| GERALD McALLISTER, Warden, | ) | Chief Judge Sharp |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Jimmy Heard filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1). Now before the Court is the respondent's motion (ECF No. 15) to transfer the petition to the Sixth Circuit to be treated as an application for permission to file a second or successive habeas petition. The current petition is, in fact, the petitioner's chronologically third federal habeas petition challenging the same state-court judgment. The question before this Court is whether it is technically a successive petition under the law. For the reasons set forth herein, the Court concludes that it is, and that the respondent's motion should be granted.

## I.      Procedural Background

The petitioner was convicted by a jury on February 1, 2007 of conspiracy to commit aggravated robbery, aggravated robbery, two counts of felony evading arrest, and attempted second-degree murder. On March 19, 2007, the trial court sentenced him to 44 years in the custody of the Tennessee Department of Correction. However, on July 18, 2007, the court granted the petitioner's motion for a new trial on the conviction for attempted second-degree murder, while denying the motion for a new trial as to the remaining counts. The state appealed but the petitioner did not.

While the appeal was pending, the petitioner filed his first federal habeas petition, *Heard v. Little*, No. 3:07-cv-01081 (M.D. Tenn. Nov. 1, 2007) (Petition, ECF No. 1), which Judge Campbell of this Court dismissed without prejudice on the basis that the petitioner had not yet exhausted his state remedies. *Id.* (Dec. 12, 2007 Order, ECF No. 12).

Thereafter, the trial court denied the state's request for an interlocutory appeal, but the

Tennessee Court of Criminal Appeals granted the state's application for an extraordinary appeal by permission, under Rule 10 of the Tennessee Rules of Appellate Procedure. *State v. Heard*, No. M2007-01805-CCA-R10-CD, 2009 WL 723527, at *1 (Tenn. Ct. Crim. App. March 18, 2009), *perm. to appeal denied* (Tenn. Aug. 17, 2009). The appellate court ultimately affirmed and remanded. *Id.* at *5.

A few months later, but prior to the resolution of the attempted murder charge, the petitioner filed his second federal habeas petition. *Heard v. Fortner*, No. 3:09-cv-1144 (M.D. Tenn. Dec. 3, 2009) (Petition, ECF No. 1). The Magistrate Judge to whom the matter was referred recommended that any claims relating to the attempted murder charge, for which a new trial had been granted, be dismissed without prejudice, but that the remainder of the petition, insofar as it related to the petitioner's convictions for conspiracy to commit aggravated robbery, aggravated robbery, and felony evading arrest, be dismissed with prejudice on the grounds that the action was untimely as it related to those convictions and, alternatively, that any ground for relief challenging those convictions was procedurally defaulted, because the petitioner had not pursued a direct appeal or sought post-conviction relief to challenge those convictions. *Heard v. Fortner*, No. 3:09-cv-1144, 2011 U.S. Dist. LEXIS 698, at *12–13 (M.D. Tenn. Jan. 4, 2011) (Report & Recommendation). The district court adopted the recommendation in its entirety and dismissed the petition "without prejudice to Petitioner's unexhausted claim on the attempted murder count." *Heard v. Fortner*, No. 3:09-cv-1144, 2011 U.S. Dist. LEXIS 7780, at *1 (M.D. Tenn. Jan. 25, 2011). The Sixth Circuit declined to grant a certificate of appealability and dismissed the appeal. *Heard v. Fortner*, No. 11-5197 (6th Cir. Sept. 19, 2011) (order).

Meanwhile, after remand of the matter from the state appellate court to the trial court, the petitioner pleaded guilty in early 2010 to attempted second-degree murder rather than being retried on a charge of attempted first-degree murder. The trial court sentenced him to fifteen years, to run concurrently with his other sentences, effectively modifying his sentence from forty-four years to twenty-nine years. That judgment was entered on March 22, 2010. *See State v. Heard*, No. M2010-01030-CCA-R3-CD, 2012 WL 9761888, at *1, *5 (Tenn. Ct. Crim. App. March 5, 2012), *perm. to appeal denied* (Tenn. Aug. 15, 2012).

In ruling on the direct appeal, the state court first addressed the state's motion to dismiss the appeal as untimely. In doing so, the court noted that the trial court had entered the original judgments in

the case on April 2, 2007 (but ruled on the motion for a new trial in July 2007), and had entered judgment for attempted second-degree murder on March 22, 2010.[1] The notice of appeal for all the convictions was filed on May 3, 2010, past the thirty-day period allotted by state law. The court nonetheless concluded that the interest of justice required waiver of the limitation and that the appeal was properly before the court. *Id.* at 5. The court considered the merits of the appeal and ultimately affirmed the judgment of the trial court on all the convictions. *Id.* at *9.

The petitioner filed a timely petition for post-conviction relief on November 1, 2012. *See Heard v. State*, No. M2013-02661-CCA-R3-PC, 2015 WL 4773348, at *2 (Tenn. Ct. Crim. App. May 19, 2015). The trial court denied relief, and, as indicated, the appellate court affirmed on May 19, 2015. It does not appear that the petitioner sought permission to appeal to the Tennessee Supreme Court, so the post-conviction judgment became final 60 days later, upon expiration of the time to file a Rule 11 application for permission to appeal.

The petitioner filed his most recent federal habeas petition in this Court on August 20, 2015.

## II.    Discussion

The respondent has now filed his motion to transfer the case, arguing that it is a successive petition and that the petitioner must obtain leave from the Sixth Circuit Court of Appeals before filing a successive petition.

Under 28 U.S.C. § 2244(b)(3)(a), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If a petitioner files a second or successive habeas petition in the district court prior to receiving such authorization, the court lacks jurisdiction and, in accordance with the practice within this circuit, must transfer the matter to the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Precedent indicates, however, that not every chronologically second petition is deemed "second or successive" under § 2244. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a

---

[1] The trial court had denied the motion for a new trial as to most of the convictions on July 18, 2007.

mixed petition was dismissed before the district court adjudicated any claim on the merits is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in the first petition but dismissed as unripe is not second or successive). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. Significantly, if an initial disposition is not "on the merits," a chronologically second petition is frequently not considered "successive." *Slack*, 529 U.S. at 485–86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998).

In this case, the petitioner's chronologically second petition was not subject to the restriction on second or successive petitions in § 2244(b) because the first petition was dismissed without prejudice for failure to exhaust, and the Court clearly did not reach the merits of any of the petitioner's claims. The second petition was dismissed with prejudice, but the Court expressly noted that the dismissal was without prejudice to the petitioner's ability to bring claims related to the attempted murder charge, as the conviction on that charge had at that point been vacated. The Sixth Circuit denied leave to appeal.

It is abundantly clear that, to the extent the petitioner's present petition challenges the judgment or sentence related to his second-degree murder conviction, which did not become final until mid-November 2012 (90 days after the Tennessee Supreme Court denied review on August 15, 2012), the petition is not second or successive. However, to the extent the petition challenges the judgments on the other charges, the present petition must be considered second or successive under 28 U.S.C. § 2244(b). The fact that the Tennessee Court of Criminal Appeals authorized a delayed appeal, more than a year after the judgments otherwise became final in August 2007, apparently does not affect the federal statute of limitations. 28 U.S.C. § 2244(d).[2] The Court must therefore review the petitioner's claims to ascertain which judgment they challenge and thus to determine whether they are second or successive.

In his most recent petition, the petitioner raises the following claims:

Ground One: Ineffective assistance of counsel, on the basis that the petitioner's trial attorney

(a) never investigated the petitioner's allegations of prosecutorial misconduct relating to the court's setting and then raising the petitioner's bond;

---

[2] The court does note, however, that the Tennessee Court of Criminal Appeals authorized a direct appeal after resolution of the attempted murder charge. At the time, the court noted that it was permitting a delayed appeal in the interests of justice.

(b) failed to argue that "remanding the indicted case back to general sessions court for another preliminary hearing without dismissing the indictment was a void proceeding" (ECF No. 1, at 5);

(c) failed to object to the trial court's allowing the jury to "avoid unanimity concerning [the attempted first-degree murder charge] during jury deliberation instead of declaring a mistrial" (*id.*); and

(d) failed to obtain a transcript of the hearing at which Judge Ash denied the petitioner's motion to recuse himself or of the June 5, 2006 hearing at which Judge Ash "revealed that he had allowed *ex parte* communications concerning the petitioner" (*id.*).

Ground Two: Judicial misconduct, insofar as, on February 24, 2006,

Judge Ash remanded petitioner's case back to general sessions court for another preliminary hearing without dismissing the indictment and petitioner brought to the attention of the court and judge Ash deliberately denied petitioner after knowing what he had done was illegal proceeding, [and] judge Ash refused to recuse himself after revealing to petitioner that he had had conversation with others without petitioner or his attorney of record being there and for seeking an indictment against petitioner prior to trial [on] an alleged threat, and Judge Ash instructed petitioner's jury after the jury informed the court that it was hung, that it did not have to be unanimous instead of declaring a mistrial. And Judge Ash held petitioner pending trial without setting petitioner a bond after [he] was re-indicted.

(*Id.*)

Ground Three: Police and prosecutorial misconduct, based on the petitioner's allegations that he was interrogated by police, who tried to force him to plead guilty, without being afforded an attorney even though he requested counsel, and that police officers had *ex parte* communications with the magistrate and talked him into raising the petitioner's bond from $31,500 to $100,000.

Ground Four: Ineffective assistance of post-conviction counsel, based on counsel's failure to amend the petitioner's original petition and abandonment of several issues on appeal.

Claims 2 and 3 are virtually identical in substance to the claims asserted in the petitioner's chronologically second petition, and they do not specifically concern the attempted second-degree murder conviction or sentence. The Court therefore finds that these claims are second or successive for purposes of 28 U.S.C. § 2244(b).

The petitioner did not raise a claim of ineffective assistance of trial counsel in his initial petition, but he could have done so, and most of the factual allegations in support of the ineffective-assistance claim relate to (and predate) the original conviction. They do not pertain specifically to the attempted murder conviction.

However, the petitioner's claim that trial counsel was ineffective for failing to object to the trial

court's decision to send the jury back to deliberate on the attempted murder charge after the jury informed him that they were unable to reach a unanimous verdict as to this charge obviously concerns the attempted-murder conviction. This claim is therefore not second or successive for purposes of § 2244(b), because it concerns the conviction that did not become final until after the petitioner pleaded guilty to second degree murder after the trial court granted the motion for a new trial. The claim is, instead, subject to dismissal on the basis that the petitioner cannot establish prejudice resulting from any purported inaction by trial counsel relating to the attempted-murder conviction, because counsel subsequently moved for a new trial on that conviction, which was granted and the conviction vacated.

Claim (4) raises a claim of ineffective assistance of post-conviction counsel. This claim is arguably not barred by § 2244(b), but it also does not state a claim that is cognizable on habeas review. There is no constitutional right to an attorney in state post-conviction proceedings, and thus no free-stranding right to the effective assistance of counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, (1987). Moreover, this claim is barred from review by statute. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). This claim will be dismissed for failure to state a cognizable claim.

To summarize: Claims 1(c) and 4 are not technically second or successive but are subject to dismissal. The remainder of Claim 1, along with Claims 2 and 3 of the petitioner are second or successive claims within the meaning of 28 U.S.C. § 2244(b).

The respondent's motion to transfer will therefore be granted with respect to those claims. An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court