**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JIMMY HEARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-0925** |
| | ) | |
| **GERALD McALLISTER, Warden,** | ) | **Chief Judge Sharp** |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Before the Court is the respondent's motion (ECF No. 15) to transfer petitioner Jimmy Heard's §

2254 petition for the writ of habeas corpus to the Sixth Circuit, to be treated as an application for

permission to file a second or successive habeas petition.

In his petition, the petitioner raises the following claims:

Ground One: Ineffective assistance of counsel, on the basis that the petitioner's trial attorney

(a) never investigated the petitioner's allegations of prosecutorial misconduct relating to the court's setting and then raising the petitioner's bond;

(b) failed to argue that "remanding the indicted case back to general sessions court for another preliminary hearing without dismissing the indictment was a void proceeding" (ECF No. 1, at 5);

(c) failed to object to the trial court's allowing the jury to "avoid unanimity concerning [the attempted first-degree murder charge] during jury deliberation instead of declaring a mistrial" (*id.*); and

(d) failed to obtain a transcript of the hearing at which Judge Ash denied the petitioner's motion to recuse himself or of the June 5, 2006 hearing at which Judge Ash "revealed that he had allowed *ex parte* communications concerning the petitioner" (*id.*).

Ground Two: Judicial misconduct, insofar as, on February 24, 2006,

> Judge Ash remanded petitioner's case back to general sessions court for another preliminary hearing without dismissing the indictment and petitioner brought to the attention of the court and judge Ash deliberately denied petitioner after knowing what he had done was illegal proceeding, [and] judge Ash refused to recuse himself after revealing to petitioner that he had had conversation with others without petitioner or his attorney of record being there and for seeking an indictment against petitioner prior to trial [on] an alleged threat, and Judge Ash instructed petitioner's jury after the jury informed the court that it was hung, that it did not have to be unanimous instead of declaring a mistrial. And Judge Ash held petitioner pending trial without setting petitioner a bond after [he] was re-indicted.

(*Id.*)

Ground Three: Police and prosecutorial misconduct, based on the petitioner's allegations that he was interrogated by police, who tried to force him to plead guilty, without being afforded an attorney even though he requested counsel, and that police officers had *ex parte* communications with the magistrate and talked him into raising the petitioner's bond from $31,500 to $100,000.

Ground Four: Ineffective assistance of post-conviction counsel, based on counsel's failure to amend the petitioner's original petition and abandonment of several issues on appeal.

For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that Ground 1(c) (ineffective assistance of counsel based on counsel's failure to object to the trial court's treatment of the jury's statement that they could not reach a unanimous verdict as to the attempted murder charge) and Ground 4 (ineffective assistance of post-conviction counsel) are not technically successive claims under 28 U.S.C. § 2244(b) but are instead subject to dismissal. The petitioner cannot establish that he was prejudiced as a result of trial counsel's failure to object to the court's jury instruction and communication regarding the attempted murder charge, because the second-degree murder conviction was vacated and the petitioner granted a new trial on the charge of attempted first-degree murder. Ground 4 is subject to dismissal because it fails to state a cognizable claim for habeas relief. These claims are **DISMISSED WITH PREJUDICE**.

The remainder of Ground 1, along with Grounds 2 and 3 of the petition, are second or successive claims within the meaning of 28 U.S.C. § 2244(b). The respondent's motion to transfer these claims is therefore **GRANTED**. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

The Clerk is **DIRECTED** to effect transfer of this matter to the Sixth Circuit Court of Appeals, and to ensure that the Sixth Circuit receives notice of this order and the accompanying memorandum opinion.

It is so **ORDERED**.

KEVIN H. SHARP
Chief Judge
United States District Court